Geordie Duckler, OSB #873780
9397 SW Locust St.
Tigard, Washington 97223
Telephone: (503) 546-8052
Facsimile: (503) 241-5553
geordied@animallawpractice.com
Attorney for Plaintiff

FILED 11 MAR 17 11:02 USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EXPEDITE, INC.,

      Plaintiff,

vs.

PLUS, BAGS, CARS & SERV, LLC, a Florida corporation; ALASKA AIRLINES, INC., a Washington corporation,

      Defendants.

Case no. CV'11 - 329 AC

**COMPLAINT FOR DAMAGES**

Statutory Violation of Sherman Antitrust Act [15 U.S.C. Section 1 et. seq.]; Statutory Violation of Clayton Act [15 U.S.C. Section 12 et. seq.]; Intentional Interference with Economic Relations and Prospective Business Advantage; Fraud; Statutory Violation for Unlawful Business and Trade Practices [ORS 646.608]; Preliminary and Permanent Injunction

JURY TRIAL DEMANDED

## NATURE OF THE ACTION

1.    This is an action brought under federal question jurisdiction to vindicate plaintiff's rights and to make plaintiff whole. Plaintiff is a private corporation. Defendants are also private corporations in other states and their agents who have committed statutory violations against plaintiff centering around the wrongful interference with business activities, acts which altogether have substantially and adversely affected plaintiff's legal rights and economic interests.

COMPLAINT - 1

39380

Geordie Duckler, P.C.
9397 SW Locust St.
Tigard, OR 97223

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 USC § 1331, based on the action arising under federal statutes, specifically 15 U.S.C. Section 1 et. seq. and 15 U.S.C. Section 12 et.seq., all as more specifically alleged below.

3. The acts and transactions at issue here all occurred in Multnomah County, Oregon, such that venue for this action is appropriate in the federal district court for Oregon.

## PARTIES

4. Plaintiff Expedite, Inc. (hereinafter "Expedite, Inc" or "plaintiff") is, and at all times herein was, an Oregon corporation engaged in and operating a baggage claim service for profit in and around Oregon, including in Multnomah County.

5. Defendant PLUS, BAGS, CARS & SERV, LLC (hereinafter "Plus" or "defendant") is, and at all times herein was, a corporation incorporated in the state of Florida and maintaining several places of business around the country including in Multnomah County, Oregon, and an entity transacting business as, and operating through its subsidiaries and other intermediary corporations, a baggage claim and delivery service for profit in and around Oregon, including in Multnomah County.

6. Defendant ALASKA AIRLINES, INC. (hereinafter "Alaska" or "defendant") is, and at all times herein was, a corporation incorporated in the state of Washington and maintaining a place of active business in Multnomah County, Oregon, and a corporation transacting with, contracting with, and utilizing the baggage claim services of other corporations and businesses in and around Oregon, including in Multnomah County.

## GENERAL ALLEGATIONS

7. Since 2000, plaintiff Expedite had been a vendor operating a profitable and thriving baggage claim and delivery services at Portland Airport ("PDX"), specifically by

1  providing its services to a number of different and separate clients, all of whom were airline
2  companies at PDX ("the clients"). Plaintiff's primary service was to take lost luggage which had
3  been recovered by the airlines and, for a fee, redeliver the luggage to their respective owners in
4  and around Oregon, including in Multnomah County.
5      8.   Since 2000, those services and fees were often memorialized by written contracts
6  between the vendors and the clients, and the contracts were usually obtained by vendors like
7  plaintiff through winning a sealed bid process. As a general business practice, plaintiff would
8  regularly compete for such contracts against other baggage claim services also operating at PDX.
9      9.   All of the sealed bidding was done through an impartial and independent
10 intermediary. As of 2009, several airlines had used a Michigan corporation, Diversified Services
11 International ("DSI") as its independent intermediary to obtain and process bids for business
12 contracts with service vendors, including for baggage delivery services such as provided to
13 clients by plaintiff. DSI's primary business had been to act as a "sourcing agent" to airlines for
14 the delivery of the delayed baggage.
15     10.  On June 1, 2009, DSI was purchased by defendant Plus, a large conglomerate
16 based in Orlando, Florida. Initially, Plus positioned one of its subsidiaries, "Home Serv", as a
17 replacement company for DSI which then began to act as a sourcing agent for baggage delivery
18 vendors just as DSI had done previously.
19     11.  Shortly after June of 2009, Plus, through its own minor subsidiary corporations
20 "Bags, Inc." and "Home Serv", began acting in an illegal, unfair, and conflicting role by
21 managing and supervising the closed bid contracts for baggage delivery service vendors, while at
22 the same time it was itself bidding out on the same contracts for its own organizations as a
23 competing baggage delivery service. These actions violated several federal antitrust and

COMPLAINT - 3

1  antimonopoly laws and regulations, including the Sherman Act, 15 U.S.C. Section 1 et. seq., and

2  the Clayton Antitrust Act, 15 U.S.C. Section 12 et. seq.

3      12.    Plus accomplished this by using Bags, Inc. as a bidding vendor, and at the same

4  time using Home Serv as a supervising corporation to collect bids from, and award contracts to,

5  bidding vendors, including Bags, Inc. Plus would consistently and regularly have Home Serv

6

7  select Bags, Inc. as the winning bidder on service contracts and award the contracts to Bags, Inc.,

8  contracts that it had been placed in charge of obtaining closed bids for from others through Home

9  Serv.

10      13.    Plus used its intermediaries to improperly and unfairly obtain profits as the

11  service provider for two airlines at PDX and other airports by learning of the content of all the

12  closed bids, outbidding them based on that knowledge, and at the same time denying service

13  contracts to other vendors as bidders, including to plaintiff.

14

15      14.    As a direct result of Plus' misconduct in being the parent corporation for both the

16  bid solicitor at the very same time that it was also the parent corporation for the bid reviewer

17  with the power and authority to determine who would be awarded the bids being solicited,

18  plaintiff began to lose all of its service contracts with its clients, solely because it was being

19  outbid on contracts that were being judged by Plus, through Home Serv and then awarded by

20  Home Serv to Plus through Bags, Inc. or other agent entities.

21      15.    One consequence was that on November 30, 2010, an official for defendant

22  Alaska sent a letter to plaintiff informing it of Alaska's corporate decision to cancel plaintiff's

23  vendor contract and use another vendor for luggage delivery, the other vendor being a Plus

24  subsidiary. When Alaska was informed of Plus' misconduct, Alaska nevertheless refused to

25

26  reinstate plaintiff's contract but continued to collaborate with Plus to violate antitrust regulations.

COMPLAINT - 4

Geordie Duckler, P.C.
9397 SW Locust St.
Tigard, OR 97223

16. Since June of 2009, all defendants, either directly or indirectly, have been engaging in unfair business practices and have been expressly violating state and federal antitrust laws, all to plaintiff's economic detriment.

17. At all relevant times hereto, defendant Plus either employed Bags, Inc. and/or Home Serv at all times relevant hereto as its employee organizations, and/or acted as the principal with Bags, Inc. and/or Home Serv as its agents.

18. Bags, Inc. and/or Home Serv were acting within the scope of their employment or agency at all times relevant hereto.

19. Bags, Inc. and/or Home Serv actions occurred substantially within the time and space limits authorized by defendant Plus' employment or retention, were of a kind which any or all had been hired to perform by defendant Plus, and in so acting, were motivated by a purpose to serve defendant Plus. As the employer or principal, defendant Plus is liable for an employee's or agent's conduct in circumstances where the employee or agent acts within the scope of employment or retention.

20. As a result of the acts as alleged, plaintiff has suffered economic damages as more specifically set forth in the prayer below.

FIRST CLAIM FOR RELIEF
<u>STATUTORY VIOLATION OF SHERMAN ANTITRUST ACT</u>
(15 U.S.C. Section 1 et. seq.)

21. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-20, inclusive, as set forth above.

22. Defendants have engaged in unlawful contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce.

23. Pursuant to 15 U.S.C. Section 15, plaintiff, as a person injured in his business or property by reason of those actions, and by reason of matters forbidden in general in the antitrust laws, is entitled to a private right of action.

24. In engaging in the acts alleged above, defendants in fact impaired plaintiff's rights and as a result of defendants' conduct, plaintiff has been harmed economically in the manner as stated more specifically below.

## SECOND CLAIM FOR RELIEF
## STATUTORY VIOLATION OF CLAYTON ACT
(15 U.S.C. Section 12 et. seq.)

25. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-20, inclusive, as set forth above.

26. Defendants have engaged in commerce, wherein in the course of such commerce, they have paid or granted, or received or accepted items of value as a commission, brokerage, or other compensation, or an allowance or discount in lieu thereof, and for more than simply services rendered in connection with the sale or purchase of goods, wares, or merchandise, such being made either to another party to such transaction or to an agent, representative, or other intermediary therein where such intermediary is acting in fact for or in behalf, or is subject to the direct or indirect control, of any party to such transaction other than the person by whom such compensation is so granted or paid, all as prohibited by 15 U.S.C. Section 13(c).

27. In addition, defendants are persons engaged in commerce, wherein in the course of such commerce, they knowingly induced or received a discrimination in price prohibited by 15 U.S.C. Section 13(f).

28. Pursuant to 15 U.S.C. Section 15, plaintiff, as a person injured in his business or property by reason of those actions, and by reason of matters forbidden in general in the antitrust laws, is entitled to a private right of action.

29.     In engaging in the acts alleged above, defendants in fact impaired plaintiff's rights and as a result of defendants' conduct, plaintiff has been harmed economically in the manner as stated more specifically below.

## THIRD CLAIM FOR RELIEF –
## INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS AND PROSPECTIVE BUSINESS ADVANTAGE

30.     Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-20, inclusive, as set forth above.

31.     As of June of 2009, a valid economic relationship or expectancy existed between plaintiff and several client airlines at PDX, in that plaintiff was a vendor who had obtained service contracts with the airlines; was an actual contracting party with the airlines being paid fees for providing services for them; had invested significant amounts of time and money into developing the business relationships; had taken active steps, including accumulating specific resources and materials, for just those purposes; and had obtained income from the relationships as a service provider.

32.     A valid prospective economic advantage also existed between plaintiff and those entities in that the value of the relationships was increasing with time such that plaintiff reasonably anticipated obtaining increased economic benefits from the future development of the relationships.

33.     Since June of 2009, defendants have intentionally interfered with those relationships or advantages.

34.     Defendants, with improper motive and using improper means, wrongfully interfered with plaintiff's business interests by either being or utilizing the company with the power and authority to determine who would be awarded the bids being solicited, and by either accepting or allowing to be accepted the award of closed bids from others in which improper

1  knowledge of the content of all the closed bids was acquired in order to a) outbid plaintiff based
2  on that knowledge, and b) deny contracts to plaintiff as a vendor. In addition, defendant Alaska's
3  termination of plaintiffs' contract under illegal restraint of trade agreements and/or false
4  pretenses was a wrongful interference.
5
6  35.    Defendant's actions expressly and deliberately interfered with economic
7  advantages and profits plaintiff would have potentially been able to obtain from potential and
8  actual clients.
9  36.    As a result of the acts as alleged, plaintiff has suffered economic damages as more
10 specifically set forth in the prayer below.

## FOURTH CLAIM FOR RELIEF – FRAUD

37.    Plaintiff incorporates by reference each and every allegation contained in
paragraphs 1-20, inclusive, as set forth above.

38.    Defendants made representations to plaintiff that the bids plaintiff was relying on
to obtain service contracts were valid, fairly evaluated, and independently judged, and plaintiff
agreed to submit bids and seek service contracts under those representations and for that purpose.

39.    Plaintiff reasonably relied on those material representations, and defendants so
intended that plaintiff rely.

40.    Defendants nevertheless did not fairly evaluate and independently judge such
bids, or participate in vendor contracts based on any fair evaluation or independent judging, and
defendants did so maliciously, willfully, wantonly, and/or so recklessly as to imply a disregard of
social obligations. The representations were deceitful in that they were made without a
reasonable belief that they were true or accurate. In addition, defendant Alaska's termination of

plaintiffs' contract under illegal restraint of trade agreements and/or false pretenses was a fraudulent interference.

41. As a direct result of defendants' deceit, plaintiff has suffered economic damages as more specifically set forth in the prayer below.

FIFTH CLAIM FOR RELIEF –
<u>STATUTORY TORT FOR UNLAWFUL BUSINESS AND TRADE PRACTICES</u>
[ORS 646.608(b), (c), and (e)]

42. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-20, inclusive, as set forth above.

43. Under ORS 646.638, plaintiff is granted a private right of action for violations of Oregon's unlawful business and trade practices act, ORS 646.608, and is entitled to actual damages, punitive damages, attorney fees, and injunctive relief for the violations.

44. Defendants engaged in unlawful business and trade practices by causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of services, as prohibited by ORS 646.608(b).

45. Defendants engaged in unlawful business and trade practices by causing a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by another, as prohibited by ORS 646.608(c).

46. Defendants engaged in unlawful business and trade practices by representing that services had characteristics or qualities that they did not actually have, as prohibited by ORS 646.608(e).

47. Defendant engaged in unlawful business and trade practices by representing that services were of a particular standard, quality or grade when they actually were of another, as prohibited by ORS 646.608(g).

48.  As a result of the acts of defendants as alleged, plaintiff has suffered economic damages as more specifically set forth in the prayer below.

### SIXTH CLAIM FOR RELIEF
### PRELIMINARY AND PERMANENT INJUNCTION

49.  Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-20, inclusive, as set forth above.

50.  Defendants have committed and continue to commit or allow unlawful and invalid acts as described above to occur with respect to plaintiff's business in the past, through to the present, and to the foreseeable future.

51.  On account of such unlawful and invalid acts, plaintiff has suffered the reduction in value in its business and has suffered financially. Should defendants remain able to continue their misconduct, the damage to plaintiff will both continue and escalate.

52.  Plaintiff seeks an order in equity granting it relief from such misconduct in a manner more specifically stated in the prayer below.

### PRAYER

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1. For economic damages of $400,000.00

2. Treble damages under 15 U.S.C. Section 15(a);

3. Attorneys fees under 15 U.S.C. Section 15(a);

4. Simple interest on actual damages for the period beginning on the date of service of plaintiff's pleading setting forth a claim under the antitrust laws and ending on the date of judgment, under 15 U.S.C. Section 15(a);

5. For attorney fees under ORS 646.638(3);

6. For punitive damages under ORS 646.638(1);

7. For injunctive relief under ORS 646.638(5), including reinstatement of plaintiff's services contracts wrongfully interfered with;

8. For injunctive relief under 15 U.S.C. Section 26, including reinstatement of plaintiff's services contracts wrongfully interfered with;

9. For cost of suit; and,

10. For such other and further relief as the Court may deem just and proper.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY IN THIS ACTION

DATED: March 11, 2011          GEORDIE DUCKLER, P.C.

By: _____
Geordie Duckler, OSB # 873780
Attorney for Plaintiff EXPEDITE, INC

Geordie Duckler, OSB #873780
9397 SW Locust St.
Tigard, Washington 97223
Telephone: (503) 546-8052
Facsimile: (503) 241-5553
geordied@animallawpractice.com
Attorney for Plaintiff