IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

EXPEDITE, INC.,

Plaintiff,

v.

PLUS, BAGS, CARS, & SERV, LLC, a Florida corporation and ALASKA AIRLINES, INC., a Washington corporation,

Defendants.

No. 03:11-CV-329-AC

ORDER

Geordie L. Duckler
Geordie Duckler, LLC
9397 SW Locust St.
Tigard, OR 97223

Attorney for Plaintiff

Hal K. Litchford
Marisa E. Rosen

Richard C. Swank
Litchford & Christopher, Professional Association
P.O. Box 1549
Orlando, FL 32802-1549

Sarah J. Crooks
Perkins Coie, LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128

Attorneys for Defendant
Plus, Bags, Cars & Serv, LLC

HERNANDEZ, District Judge:

Magistrate Judge Acosta issued a Findings and Recommendation (# 39) on October 21, 2011, in which he recommends the Court should grant defendant Plus, Bags, Cars & Serv, LLC's ("Plus") motion to dismiss (#27). Plaintiff Expedite, Inc. timely filed objections to the Findings and Recommendation. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Plaintiff lists several objections that may be summarized in the following categories: (1) not recognizing specific allegations in plaintiff's complaint, (2) disagreeing with findings made by the Magistrate Judge, and (3) disagreeing with the Magistrate Judge's finding that plaintiff is unable to cure the claims by amendment. Pl.'s Objections, 1-5. With respect to the first and second objections, plaintiff has failed to provide any legal argument to support those objections.

Instead, plaintiff simply states "Plaintiff specifically objects" and then quotes the allegations from the complaint or the findings from the Findings and Recommendation. With respect to the third objection, plaintiff claims that he is being denied a "reasonable opportunity to amend" to maintain the Sherman Antitrust Act, Clayton Act, and intentional interference with economic relations claims. Plaintiff previously had the opportunity to amend the original complaint in response to a motion to dismiss for failure to state a claim. Pl.'s Resp. to Mot. to Dismiss, Dkt. #14; First Am. Compl., Dkt. #25. The amended complaint still suffers from the same factual deficiencies raised in the first motion to dismiss.

I have carefully considered plaintiff's objections and conclude that the objections do not provide a basis to modify the recommendation that Ohio Casualty's summary judgment be granted. I have also reviewed the pertinent portions of the record *de novo* and find no error in the Magistrate Judge's Findings and Recommendation.

CONCLUSION

The Court adopts Magistrate Judge Acosta's Findings and Recommendation (#39). Therefore, Plus's motion to dismiss (#27) is granted. Claims one through three (Sherman Antitrust Act, Clayton Act, and intentional interference with economic relations) are dismissed with prejudice. Plaintiff is granted leave to amend only the fraud claim to plead it with specificity.

IT IS SO ORDERED.

DATED this 19th day of December, 2011.

/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge